IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL MATEO TIPANTIZA,               :
                                      :
    Petitioner                        :
                                      :
v.                                    :   CIVIL NO. 3:CV-17-339
                                      :
DENNIS BOWEN, ET AL.,                 :   (Judge Conaboy)
                                      :
    Respondents                       :

## MEMORANDUM
### Background

Daniel Mateo Tipantiza[1], a detainee of the Bureau of Immigration and Customs Enforcement (ICE) presently confined at the Pike County Prison, Lords Valley, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Service of the petition was previously ordered.

Petitioner states that he is a native and citizen of Ecuador who entered this country on August 9, 2009 as a student. Petitioner became a conditional permanent resident of the United States on March 23, 2014. See Doc. 1, ¶ 5. While in this country, Tipantiza plead guilty to child pornography related charges of sexual abuse of children and criminal use of a communication facility in the Dauphin County, Pennsylvania Court of Common Pleas. He was sentenced to a four year term of probation on October 13, 2015.

---

[1] Petitioner's name is at tines listed as being Daniel Mato Tipantiza Casahualpa.

1

Petitioner was taken into ICE custody on November 20, 2015. See id. at ¶ 18. His petition indicates that he has been detained by ICE for a period of over fifteen (15) months. Tipantiza challenges his indefinite mandatory detention pending completion of his removal proceedings. As relief, Petitioner seeks his immediate release. See Doc. 1, p. 14.

According to the Respondent, the Petitioner is removable because of his conviction of an aggravated felony relating to child pornography and related factors pertaining to his conviction. See Doc. 18, p. 5. However, the Respondent notes that Tipantiza's case has been administratively closed by an Immigration Judge pending disposition of his petition for alien relative which is presently pending before the United States Citizenship and Immigration Services. As such, Tipantiza is not yet subject to a final order of removal.

Respondent's response to the pending petition concludes that "[i]f the court determines that a discretionary bond hearing is warranted under the facts and circumstances of this case, Respondents will coordinate with the Immigration Court to schedule a bond hearing before an immigration judges as expeditiously as possible." Doc. 18, p. 8. For the reasons set forth below, the Court will grant the petition in part and order that an immigration judge conduct an individualized bond hearing within thirty (30) days.

**Discussion**

Petitioner contends that he has been detained for an unreasonable amount of time while his removal proceedings are ongoing in violation of the Due Process Clause of the Fifth Amendment and. 8 U.S.C. Section 1226(c) clearly requires that, prior to a final removal order, an alien may be detained without being afforded a bond hearing. However, this "mandatory detention" provision is not without limits.

In Demore v. Kim, 538 U.S. 510, 531 (2003), the United States Supreme Court concluded that "[d]etention during removal proceedings is a constitutionally permissible part of [the deportation] process." The United States Court of Appeals for the Third Circuit has interpreted Demore and "conclude[d] that [§1226(c)] implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Diop v. ICE/Homeland Sec., 656 F.3d 221, 231 (3d Cir. 2011). Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." Id. at 233.

A determination as to whether an individual's detention is

3

no longer reasonable in length is "a fact-dependent inquiry that will vary depending on individual circumstances." Id.; see also Leslie v. Attorney Gen. of U.S., 678 F.3d 265, 269 (3d Cir. 2012). Such an inquiry must account for delay caused by errors necessitating appeal, as well as any continuances or delays favorable to the detainee. Diop, 656 F.3d at 233-34. While declining to establish a bright-line rule for the length of time that would constitute an unreasonable detention, the Third Circuit noted that "detention under §1226 lasts roughly a month and a half in the majority of cases in which it is invoked, and about five months in the minority of cases in which an alien chooses to appeal," id., and as a result, "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past those thresholds." Id. at 234.

The Third Circuit Court of Appeals, in Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 477 (3d Cir. 2015) characterized the fact-dependent inquiry described in Diop as a balancing test. It noted that the reasonableness of government conduct and merit of the petitioner's challenges are not dispositive standing alone, and are only relevant when "weigh[ing] the various aspects of [the] case to determine whether, and when, a tipping point has been reached on the reasonableness of [the] detention." Id.

Courts should not find that delay caused by a detainee's

4

challenges precludes a finding of unreasonable detention because such a finding essentially constitutes punishment for pursuing applicable legal remedies. Id. at 475 (citing Leslie, 678 F.3d at 265). However, under narrow circumstances, when a petitioner acts in bad faith to delay or stall the proceeding, this tactic may preclude a finding of unreasonable detention.[2] Chavez-Alvarez, 783 F.3d at 476.

In Chavez-Alvarez, the Court of Appeals found that "beginning sometime after the six-month timeframe considered by Demore, and certainly by the time Chavez-Alvarez had been detained for one year, the burdens to Chavez-Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." Id. at 478.

Respondent recognizes that based upon Chavez-Alvarez, Tipantiza may be entitled to an individualized bond hearing based upon the duration of his ongoing ICE detention. This Court agrees and also notes that deference is owed to the decision-making agency to oversee matters within its jurisdiction. See, e.g., Gourzong v. Lowe, No. 3:15-CV-1969, 2016 WL 109851, at *2 (M.D. Pa. Jan. 11, 2016)(Mariani, J.). Since the Respondent does not oppose the scheduling of a bond

---

[2] Bad faith exists when a petitioner challenges aspects of the government's case that do not present bona fide or real issues, or are simply frivolous or meritless arguments. Id.

5

hearing = and because the immigration court has the expertise, familiarity, and authority to exercise jurisdiction over bond hearings such as those contemplated under <u>Chavez-Alvarez</u>, the Court orders that an immigration judge conduct an individualized bond hearing for the Petitioner within thirty (30) days of the date of this Memorandum.

**Conclusion**

Pursuant to the above discussion, Petitioner is entitled to a bond hearing before an immigration judge. Therefore, the Court will grant the instant petition for writ of habeas corpus, and order that Coronado be provided an individualized bond hearing within thirty (30) days of this decision. An appropriate Order shall follow.

_____
RICHARD P. CONABOY
United States District Judge

DATED: MAY 18th, 2017